**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **IN RE L&S TRI STAR**<br>**INVESTMENTS, LLC,**<br>*Petitioner* | **CIVIL ACTION NO. 5:18-CV-01278** |

## NOTICE OF REMOVAL

**COME NOW,** Respondents, Certain Underwriters at Lloyd's, London subscribing severally to Policy No. B1262PW0144815 (the "Policy"), each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest, incorrectly referred to as "Certain Underwriters at Lloyds, London, C/O Lloyd's America, Inc.," by and through counsel (hereinafter "Underwriters" or "Respondents") without waiving any affirmative defenses or objections herein, including, but not limited to, those defenses available under Federal Rules of Civil Procedure Rule 8 and 12 and without waiving Respondents' right to seek dismissal and compel arbitration of this dispute pursuant to the arbitration clause contained in the subject insurance policy, which requires disputes between the parties to be submitted to arbitration, hereby removes this cause (bearing Cause Number 2018CI12660) from the 45th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas and would show as follows:

1.    **Removal.**  Removal is supported by federal question under 28 U.S.C. §§ 1441 and 1446. Respondents assert that there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (also known as the "Convention"), and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205. In removing this cause, Respondents specifically preserve and do not waive any affirmative defenses whatsoever, including but not limited to any Rule 12 affirmative defenses.

Respondents also specifically preserve and give notice of their right to seek dismissal and to compel arbitration of this dispute, and Respondents will be filing a motion seeking that relief subsequent to the removal of this cause.

The Policy sued upon provides for arbitration, in part, as follows:

### ARBITRATION

If the Insured and the Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall, within 10 (ten) days after the demand in writing by either party, appoint a competent and disinterested arbitrator and the two chosen shall before commencing the arbitration select a competent and disinterested umpire. The arbitrators together shall determine such matters in which the Insured and the Underwriters shall so fail to agree and shall make an award thereon, and if they fail to agree, they will submit their differences to the umpire and the award in writing of any two, duly verified, shall determine the same.

The Parties to such arbitration shall pay the arbitrators respectively appointed by them and bear equally the expenses of the arbitration and the charges of the umpire.

Underwriters, through their counsel, invoked their right to arbitrate the matters in dispute with respect to this claim via letter dated November 28, 2018. Regardless of whether any demand for arbitration has been made, the fact that suit has been filed related to the Policy and/or losses allegedly covered under the Policy warrants removal under the Convention.

2. **The State Court Action.**  The state court action which is removed to this Court is styled: *In Re L&S Tri Star Investments, LLC,* In the 45th Judicial District Court of Bexar County, Texas, Cause No. 2018CI12660. This matter arises out of Petitioner L&S Tri Star Investments, LLC's Verified Petition to Take Depositions Under Rule 202.  Petitioner alleges that Respondents have "potentially committed torts and breached contracts," "failed to make full and adequate payments for damages under the Policy," and "wrongfully undervalue[d] L&S's claim." Additionally, during the adjustment of the claim, the Petitioner, through its public adjuster, submitted damage estimates and proofs of loss illustrating a dispute as to damages

2

allegedly owed under the Policy. These issues in conjunction with the allegations in Petitioner's Petition and Respondents' arbitration demand illustrate a disagreement between the Parties concerning the Policy. Petitioner seeks to depose "a representative of Lloyd's with knowledge of the documents and events in question by oral and videotaped deposition, with a subpoena duces tecum." Petitioner's request for production includes ten (10) categories of documents, including communications, estimates, and photographs, among other things. A copy of the state court file will be filed with the court in the time provided under the Federal Rules and is otherwise attached hereto as Exhibit C.

3. **Propriety of Removal.** This action is properly removed under 28 U.S.C. Section 1441 to the United States District Court for the Western District of Texas, as the district embracing the 45th Judicial District Court of Bexar County, Texas in which the state court action was pending.

The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court has explained, "[t]he goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974). Over one hundred countries have signed the Convention, including the United States and the United Kingdom of Great Britain and Northern Ireland. In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, ("the "Convention Act") "to establish procedures for our courts to implement the

Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

The Convention Act is part of the Arbitration Act, 9 U.S.C. § 1 et seq.  Chapter 1 of Title 9 is the Federal Arbitration Act ("FAA").  Chapter 2 of Title 9 is the Convention Act.  Section 208 of the Convention Act incorporates the FAA into the Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. *See* 9 U.S.C. § 208.

This cause is properly removed based on federal question, the FAA and the referenced provisions of the Convention Act, including but not limited to Section 202, which provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention.  An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.  For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202. Article II of the Convention further clarifies which arbitration agreements are subject to the Convention.  Article II states, in pertinent part, as follows:

> 1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
> 2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

4

Convention on the Recognition and Enforcement of Foreign Arbitral Awards, art. II, Jun. 7, 1959.

The Fifth Circuit has recognized that <u>any dispute</u> under an insurance policy containing an arbitration clause with an international party is subject to arbitration under the Convention. For example, in *Acosta v. Master Maintenance & Const., Inc.*, 452 F.3d 373 (5th Cir. 2006), the Fifth Circuit ruled that plaintiffs' state-law tort claims for injury based upon exposure to mustard gas "related to" the dispute that was subject to arbitration under the liability insurance policy plaintiffs sued upon via the Louisiana Direct Action Statute, making removal under the Convention proper. *Id.* at 375; *see also Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir. 1994) (evaluating forum for determination of coverage dispute).

Here, Underwriters severally subscribe to the Policy issued to Petitioner.  Under *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010), the Eleventh Circuit explained that Lloyd's itself "is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Id.* at 1083. It is thus not Lloyd's but rather individual underwriters operating within the Lloyd's infrastructure that underwrite policies. *See id.* These underwriters are known as "Names" or "members," and they can be individual persons or business entities of varying nationalities. *Id.* As underwriters, they assume the risk of insurance loss, and they often share the risk for any given policy severally by working together in a "syndicate." *Id.* It has been further stated that syndicates are merely administrative entities; they are not incorporated, and they do not assume any risk on the policies they underwrite. *Id.* at 1083-84. Rather, "the constituent Names assume individual percentages of underwriting risk" and "it is the individual Names, not the syndicate, who are directly liable in the event of loss, as if each Name had a contract with the insured," *Id.* at 1084.

5

The syndicates instead provide administrative convenience, and they "are generally organized by Managing Agents, which may or may not be corporations." *Id.* at 1083.

In this case, a portion of the Policy is subscribed to by Apollo Syndicate 1969, which is not a citizen or resident of Texas or any other state within the United States. Cyrene Capital Limited ("CCL") is a corporate member and capital provider for Syndicate 1969 and is a subsidiary of Cyrene Investments Limited, which is organized and maintains its principal place of business in the United Kingdom, a participating country to the Convention. As such, the mere presence of Syndicate 1969 in the litigation warrants removal. Additionally, a portion of the Policy is subscribed to by Argo Syndicate 1200, which is also not a citizen or resident of Texas or any other state within the United States.  Argo Syndicate 1200 is managed by Argo Managing Agency Limited, which is registered in England and Wales with its principal place of business in London, England, a participating country to the Convention. Furthermore, as to the portion of the risk assumed by other Underwriters under the Policy, these parties too must be considered citizens of countries other than the United States. As such, there can be no question that the dispute involves parties that are citizens of countries other than the United States. The entirety of the dispute filed by Petitioner against all Respondents "relates to" the Policy, which includes the mandatory enforcement of the arbitration provision.

The remaining components required for application of the Convention are likewise satisfied. *See Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002); *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140 (5th Cir. 1985).

Additionally, the dispute involves a commercial dispute under a written agreement that includes a valid arbitration agreement. In addition to the arbitration clause, the Policy provides that Texas law shall apply and that Underwriters shall be subject to the jurisdiction of the court,

as necessary to enforce the arbitration provisions contained in the Policy. Under Texas law, arbitration provisions contained in insurance agreements have been upheld, particularly when the FAA is triggered. *See Ranchers and Farmers Mut. Ins. Co. v. Stahlecker*, No. 09-10-00286-CV, 2010 WL 4354020, at \*4-5 (Tex. App.—Beaumont Nov. 4, 2010, no pet.). Thus, there is no basis upon which to argue state law prohibits application of the Convention Act.[1]

As such, the elements necessary for removal under the New York Convention have been satisfied.

    4.    **Timeliness.**  Section 205 of the New York Convention expressly states that the case may be removed on this basis "at any time before trial." 9 U.S.C. § 205; *see e.g. Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F. Supp. 163, 166 (N.D. Tex. 1994). As such, removal is timely.

    5.    **Consent to Removal by All Defendants.**  This cause has been removed by all respondents, through the undersigned counsel.

    6.    **Notice to Others.**  In accordance with 28 U.S.C. Section 1446(d), Respondents will promptly give notice to all parties in writing, and shall file a copy of the notice of removal with the Clerk of the state court.

    7.    Pursuant to 28 U.S.C. Section 1446(a), a copy of the state court docket sheet and all process, pleadings, and orders are attached hereto as Exhibits B and C.

**WHEREFORE**, Respondents remove this action to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted this 6th day of December, 2018.

---

[1] *See, Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's London*, 587 F.3d 714, 718 (5th Cir. 2009) (holding that the McCarran-Ferguson Act reverse-preemption rule applies only to federal statutes and not to treaties).

PD.24991155.1

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    */s/ Paige C. Jones*
              Paige C. Jones
              Texas Bar No. 24054609
              paige.jones@phelps.com
              Alicia A. Murphy
              Texas Bar No. 24095005
              alicia.murphy@phelps.com
              115 Grand Avenue, Ste. 222
              Southlake, Texas 76092
              Telephone: (817) 488-3134
              Telecopier: (817) 488-3214

              **ATTORNEYS FOR RESPONDENTS**


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument has been served on the following counsel of record pursuant to the Federal Rules of Civil Procedure:

Robert D. Green
Hunter M. Klein
Robert D. Green & Associates, P.C.
440 Louisiana St., Suite 1900
Houston, Texas 77002


*/s/ Paige C. Jones*
Paige C. Jones

PD.24991155.1